Dill et ux., Appellants, *v.* Tanner.

Argued April 16, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*Louis J. Wiesen* and with him *Davis, Fruit and Anderson,* for appellants.

*C. E. Brockway* of *Brockway & Whitla,* for appellee.

Opinion by Gawthrop, J., July 8, 1931:

On September 1, 1918, plaintiffs, H. A. Dill and his wife, entered into an agreement with J. D. Tanner, defendant, to sell the latter H. A. Dill's dwelling house for the sum of $3,000, $1,000 of which was to be paid in cash at the time of the signing and delivery of the agreement, and the balance at the rate of $40 per month until the full amount was paid, together with interest at six per cent per annum on the deferred payments. Possession was to be given on the date

of the agreement and a deed was to be delivered when the full purchase price was paid. Defendant paid the down money, took possession of the property, made regular monthly payments aggregating $480, with interest, until September 1, 1919. He then requested and received an extension of time for payment of the balance of the purchase money, and the request was granted with the understanding that defendant keep up the payment of interest on the balance of $1,520. He paid interest on this balance until September 1, 1924. On December 2, 1926, plaintiffs filed an affidavit of defendant's default under the agreement, confessed and entered a judgment against him in the court below for $1,520, under the authority conferred by the agreement, and issued execution on the judgment. Defendant entered a rule to open the judgment and stay the execution pending the determination of the rule. The petition admitted that defendant was indebted to plaintiffs in the sum of $1,520, with interest from September 1, 1924, but averred that the indebtedness was "not owing on said article of agreement, but is owing on an open account between the plaintiffs and the defendant;" that on September 3, 1918, defendant made a written agreement with Nettie Brow to sell her the property for $3,150; that on May 21, 1919, Nettie Brow assigned all her right, title and interest in and to the last mentioned agreement to Louise McCullough; that plaintiff had knowledge of these agreements; that at the time of the assignment of the agreement between Nettie Brow and Louise McCullough defendant "arranged with the plaintiffs, through H. A. Dill, one of said plaintiffs, to use for his own benefit the monthly payments as the same were made to him by the said Louise McCullough;" that the said defendant......was to make the collections of the payments from the said Louise McCullough as the same came due and was to pay to the

plaintiffs interest for the use of said money; that the said defendant duly collected from the said Louise McCullough the entire balance due......on said agreement.......and retained for his own use, as agreed by the plaintiff, the said payments as made from time to time; that Louise McCullough made the final payment for the property on March 26, 1925; that defendant collected the payments from Miss McCullough as the agent for the plaintiffs and retained the money as loans from them; and that, therefore, the entire amount of principal and interest under the article of agreement he made with plaintiffs had been paid. After an answer was filed by plaintiffs and the taking of testimony, the court below opened the judgment and let the defendant into a defense.

At the trial defendant admitted that he owed plaintiffs $1,520, with interest from September 1, 1924. It appeared that by the terms of the agreement between defendant and Mrs. Brow the balance of the purchase price was to be paid at the rate of $40 per month, which was the same rate at which the balance was due plaintiffs under their contract with defendant; and that prior to September 1, 1919, defendant made the payments due plaintiffs under their contract by turning over to them the moneys collected from Mrs. Brow and Miss McCullough, and that plaintiffs understood this. Defendant testified that about September 1, 1919, he was unable to make his payments under his contract and asked Mr. Dill "about letting me have all the payments" made by Miss McCullough, and that Mr. Dill agreed that as long as "I made the payments of the interest, that was all I needed to pay;" that he continued to collect from Miss McCullough, spent the money and has never paid the Dills the $1,520 which he owes them. He testified further that under his arrangement with Mr. Dill he was to get a deed as soon as Miss McCullough completed making her

payments, whether or not he paid the balance of the purchase money to plaintiffs; that about the time he made the agreement with Mrs. Brow, he made an agreement with Mr. Dill that he should collect the money due under the Brow contract as the agent of the Dills. Miss McCullough, called as a witness by defendant, testified that plaintiffs never instructed her to pay any money to defendant, and that she had no knowledge of any authority delegated to defendant to collect money from her as an agent of plaintiffs; that she made her payments to Tanner in discharge of the debt created by the purchase agreement assigned to her by Mrs. Brow; that she paid the money pursuant to defendant's instructions to her when she bought the property, and that, except for an alleged telephone conversation about insurance policies in May, 1919, she and plaintiffs never had any dealings or any conversation until some time following her final payment to defendant. Defendant admitted that Miss McCullough was paying him under her article of agreement with him. The trial judge submitted the case by requesting the jury to answer certain questions of fact in order to enable him to enter such final judgment as the facts ascertained by such answers should warrant. The questions submitted, which are material here, were these: (a) Was defendant the agent of plaintiffs to collect or receive any money due and payable to plaintiffs? (b) Were the payments of Miss McCullough to defendant made to and received by defendant as the agent of plaintiffs? (c) Did defendant pay to plaintiffs the purchase price specified in his agreement with them, together with interest thereon, in consequence whereof the judgment is paid and should be satisfied of record? The jury answered all these questions in the affirmative. Plaintiffs moved for a new trial and for judgment notwithstanding the verdict. Both motions were overruled and from the

judgment entered in favor of defendant plaintiffs have appealed.

The judgment cannot be sustained. The court below fell into error in submitting any of the above stated questions to the jury, because they did not arise under the testimony of defendant or any of his witnesses. Defendant did not assign his contract with plaintiffs' to Mrs. Brow. He made a separate and distinct contract with her for the sale of the property. Miss McCullough took an assignment of the latter contract. She had no contractual relation with plaintiffs, owed them no debt. If Miss McCullough had taken an assignment of the Dill-Tanner contract and had become plaintiffs' debtor under it, they could have made Tanner their agent to receive payment of the money; and if they had done so they would be bound by payments made by her to him. But, as she was paying Tanner a debt which she owed him under her contract with him and owed nothing to plaintiffs, it is abundantly clear that the principal question submitted to the jury, namely, whether or not Tanner was the agent of plantiffs in receiving payments from Miss McCullough, is not in the case and should not have been submitted. Manifestly, therefore, the court erred in predicating anything on the finding that defendant was plaintiffs' agent in collecting the money from Miss McCullough and in applying the rule that a principal is chargeable with payments made to his agent by third persons. But, even if Tanner received the money as agent of plaintiffs, the payment to him would not discharge the debt he owed to them. He admitted that he owed plaintiffs the amount of their judgment with interest. The sum and substance of his defense is that plaintiffs orally "agreed" to permit him to retain the money he collected from Miss McCullough and treat it as a loan from plaintiffs. As this money was his own the oral agreement amounts to no more than

an extension of time for the payment of his debt under the written contract and did not discharge that contract. There is no evidence that this alleged oral agreement was supported by any consideration, that plaintiffs received any benefit for their promise, if made, or that defendant suffered any detriment. Defendant's promise to pay the debt on an open account was a promise to do only that which he was already bound to do and did not amount to a consideration passing to plaintiffs. We are of one mind that the evidence wholly failed to establish a defense to the judgment, and that plaintiffs' point for binding instructions should have been affirmed. Further discussion is unnecessary.

The judgment is reversed and the original judgment is reinstated.